IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tristan E. Davis, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:24-cv-01317-TMC-TER |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Dep. Inv. Chris Jenkins, Inv. Nix, Spartanburg County, South Carolina, Spartanburg County Detention Center, and Sheriff Chuck Wright, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Tristan Davis, proceeding *pro se*, filed this action on March 19, 2024. (ECF No. 1). In signing the complaint, Plaintiff agreed to provide the Clerk's Office with any changes to his address and acknowledged that failure to keep a current address on file with the Clerk's Office may result in the dismissal of his case. *Id*. at 13. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued an order on March 27, 2024, granting Plaintiff twenty-one (21) days to bring his case into proper form. (ECF No. 7). The magistrate judge warned Plaintiff that failure to provide the necessary information to bring the case into proper form within the time permitted or to keep the court informed of any change in his address may subject the case to dismissal. *Id*. at 1, 5. The Clerk's Office mailed the order and, among other things, the Application to Proceed Without Prepayment of Fees and Affidavit to Plaintiff at his last known address provided to the court. (ECF No. 8). The documents were not returned to the court as

undeliverable. Accordingly, Plaintiff is presumed to have received them.  Plaintiff, however, has since made no effort to bring his case into proper form, and the deadline to do so has passed.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (emphasis added).  In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019).

In deciding whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted).  These four factors "are not a rigid four-prong test" and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal.  *See Ballard*, 882 F.2d at 95.

Here, the factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders. In signing the complaint, Plaintiff acknowledged that he was responsible for notifying the Clerk's Office in writing of any change of address and that failure to keep his address updated with the court may lead to the dismissal of the case. (ECF No. 1 at 13). Plaintiff was also specifically warned that his case would be subject to dismissal for failure to submit the necessary documents to bring the case into proper form or to advise the court of any change to his address. (ECF No. 7). The court concludes that Plaintiff's lack of response to the proper form order indicates an intent to no longer pursue this action and subjects the case to dismissal. Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *Ballard*, 882 F.2d at 95.

Accordingly, for the reasons set forth herein, this case is **DISMISSED** pursuant to Rule 41(b) for failure to prosecute and to comply with court orders. The Clerk's Office shall mail a copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 24, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.